## LOCKWOOD v. UNITED STATES.

(Circuit Court of Appeals, Third Circuit. December 21, 1909.)

### No. 27.

**1.** CRIMINAL LAW (§ 1134*)—APPEAL—ASSIGNMENTS OF ERROR—OVERRULING DEMURRER.

Error may not be assigned on the overruling of a demurrer to an indictment on the ground that the act on which it is sought to be based is unconstitutional.

[Ed. Note.—For other cases, see Criminal Law, Dec. Dig. § 1134.*]

**2.** CONSTITUTIONAL LAW (§ 62*)—OLEOMARGARINE ACT—DELEGATION OF LEGISLATIVE POWER TO ADMINISTRATIVE OFFICER.

The oleomargarine act is not unconstitutional, as a delegation of legislative power to an administrative branch of the government, because, after providing that retail dealers in oleomargarine shall sell only from original stamped packages in quantities not exceeding 10 pounds, it also requires that it shall pack the oleomargarine sold by them in suitable wooden or paper packages, which shall be marked and printed as the Commissioner of Internal Revenue, with the approval of the Secretary of the Treasury, shall prescribe.

[Ed. Note.—For other cases, see Constitutional Law, Dec. Dig. § 62.*]

In Error to the District Court of the United States for the District of New Jersey.

Oscar L. Lockwood was convicted of violating the oleomargarine law, and he brings error. Affirmed.

See, also, 164 Fed. 772.

Frank J. Higgins and Merritt Lane, for plaintiff in error.

Walter H. Bacon, for the United States.

Before GRAY, BUFFINGTON, and LANNING, Circuit Judges.

PER CURIAM. The defendant below, plaintiff in error, was indicted and convicted in the District Court of the United States for the District of New Jersey, for knowingly selling oleomargarine not packed in a paper package, having printed thereon the name and address of him, the said Oscar L. Lockwood, and the words "pound" and "oleomargarine," and the quantity of oleomargarine so sold and contained in the package.

A demurrer was filed to the indictment, and the points relied upon were that the act, under which the indictment was sought to be based, was unconstitutional, because, after providing that retail dealers in oleomargarine shall sell only from original stamped packages, in quantities not exceeding 10 pounds, it also provides that they shall pack the oleomargarine sold by them in suitable wooden or paper packages, which

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

shall be marked and printed as the Commissioner of Internal Revenue, with the approval of the Secretary of the Treasury, shall prescribe. As error may not be assigned on the overruling of the demurrer, the defendant, after the government had closed its case, asked the court to instruct the jury to find a verdict of "not guilty," on the ground generally that there was no evidence that defendant had knowingly or intentionally sold, or offered for sale, any oleomargarine, and also "upon the ground raised by the demurrer." The record abundantly discloses that there was evidence to go to the jury on the question of a guilty scienter upon the defendant's part. As to the ground stated upon the demurrer, it is sufficient to say that it is well settled that such a provision is not a delegation of legislative authority to an administrative branch of the government (Buttfield v. Stranahan, 192 U. S. 470, 24 Sup. Ct. 349, 48 L. Ed. 525; Union Bridge Co. v. United States, 204 U. S. 364, 27 Sup. Ct. 367, 51 L. Ed. 523; Coopersville Co-op. Creamery Co. v. Lemon, 163 Fed. 145, 89 C. C. A. 595; St. Louis, Iron Mt. & S. Ry. v. Taylor, 210 U. S. 281, 28 Sup. Ct. 616, 52 L. Ed. 1061), and a demurrer, on the alleged ground that it was such a delegation, was properly overruled.

A careful reading of the record convinces us that the numerous assignments of error, based upon exceptions to the admission of testimony by the trial judge and to certain portions of his charge to the jury, are without merit. From a review of the whole charge, thus supplying the context to the excerpts quoted in the exceptions, we find no error, prejudicial to the defendant in the charge of the court below, in submitting the case to the jury.

The judgment below is affirmed.